Marlo TOLLIVER, Plaintiff,

v.

Lt. Joe JOHNSON, Defendant.

Civ. A. No. 94–119–SLR.

United States District Court,
D. Delaware.

June 20, 1995.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

### I. INTRODUCTION

Plaintiff Marlo Tolliver was, at all times relevant to his claim, a prisoner[1] at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. Defendant, Lt. Joe Jackson, is an employee of the Delaware Correctional System. Plaintiff asserts that defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to excessive force. (D.I. 2) Defendant denies plaintiff's allegation that he was physically assaulted. (D.I. 6) Presently before the court is defendant's motion for summary judgment. (D.I. 9)

### II. BACKGROUND

#### 1. Factual Background

Plaintiff's lawsuit springs from the events of October 15, 1993. At approximately 1:00 am on said date, plaintiff was transported to SCI in a state police vehicle with an escort of several others. (D.I. 10 at A1) Upon arrival at SCI, the defendant attempted to escort the plaintiff into the sallyport or arrival area. (*Id.*)

The parties' recountings of the remaining events diverge from this point. Plaintiff alleges that defendant pulled him from the police car, hitting his head on the car in the process, and carried him into the sallyport where defendant repeatedly threw him down head first. (D.I. 2) Plaintiff then contends that during his in-processing defendant threw him across the processing counter and beat his head repeatedly against the countertop. (*Id.*) Plaintiff alleges that defendant's assault was unprovoked. Plaintiff complains of continued head pain as a result of this incident. (*Id.*)

---

1. The record is ambiguous as to whether plaintiff was a convicted prisoner or a pretrial detainee during the relevant period. *See City of Revere v.* *Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.E.2d 605 (1983).

Defendant denies he injured plaintiff in any way. He claims that upon arrival at SCI plaintiff refused to exit the police vehicle and was therefore physically removed by the police officers while he struggled against them. (D.I. 10 at A1) Defendant is not sure if he helped remove plaintiff from the vehicle but believes that he did not. (*Id.*) While escorting plaintiff into the sallyport, defendant noticed that plaintiff was unsteady on his feet and apparently under the influence of drugs or alcohol. (*Id.* at A2) Defendant contends that during in-processing plaintiff was very uncooperative, becoming loud and abusive, and repeatedly attempted to leave the processing counter. (*Id.*) Defendant alleges that he directed plaintiff to stop moving around and stay at the counter. Plaintiff refused to comply, and defendant was required to hold on to plaintiff's right arm to keep him at the counter. (*Id.*) Defendant then contends that plaintiff attempted to free himself by jerking to the left and right. (*Id.*) Defendant determined that plaintiff's behavior was a danger to himself and other correctional officers and, using a system called "Handle with Care," placed plaintiff in a prone position on the sallyport floor and handcuffed him. (*Id.*) Defendant alleges that after plaintiff calmed down he was returned to a standing position. (*Id.* at A3) Defendant contends that at one point during in-processing plaintiff appeared to black-out and fell into shelving. (*Id.*) Plaintiff appeared uninjured but defendant found it increasingly apparent that plaintiff was intoxicated. (*Id.*) After in-processing was completed, defendant escorted plaintiff to the medical unit. (*Id.*) Medical examination revealed a small amount of swelling and a bruise around plaintiff's left eye but was otherwise unremarkable. (*Id.*) Defendant repudiates that any physical assault occurred. (*Id.*)

## 2. Procedural Background

On March 14, 1994 plaintiff's complaint was received by the court. (D.I. 2) On the same date, the court ordered the plaintiff leave to proceed *in forma pauperis*. (D.I. 1) Defendant filed his answer to plaintiff's complaint on June 27, 1994. On July 26, 1994 defendant informed the court that his attempt to serve plaintiff with his answer was ineffective as plaintiff had been released from incarceration and no new address was known. Defendant noted that he would forward to the court plaintiff's new address if discovered. On November 9, 1994 defendant filed a motion for summary judgment serving it to a new address for plaintiff; defendant failed to inform the court of said new address. (D.I. 9) On January 23, 1995 an order of the court directing plaintiff to respond to defendant's motion by February 22, 1995 was mailed to the facility in which plaintiff had been incarcerated. (D.I. 13) Said order was subsequently returned to the court by the United States Postal Service because plaintiff no longer resided at said facility. (D.I. 13) Since it appeared that plaintiff was not aware of the order to respond to said motion because it was mailed to the wrong address and plaintiff did not inform the court of his change of address, the court issued a second order directing plaintiff to respond to defendant's motion for summary judgment on or before June 8, 1995. (D.I. 14) Said order was mailed to plaintiff at the address supplied by defendant. (D.I. 15) Subsequently, said order was returned to the court by the United States Postal Service because plaintiff did not reside at the address provided. (D.I. 15) The court, therefore, has no address or potential address at which to locate plaintiff.

## III. DISCUSSION

### 1. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to a summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment the court must view the evidence in the light most favorable to the nonmoving party. *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir.1992). A party seeking summary judgment always bears the ini-

tial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When the movant is the defendant, the defendant does not have an obligation to produce evidence negating the nonmovant's case, but must demonstrate that there is a lack of any evidence to support the nonmovant's claim. *Id.* More specifically, to prove no genuine issue of material fact exists, a movant must present "a factual scenario without any 'unexplained gaps.'" *Collins v. Bopson*, 816 F.Supp. 335, 339 (E.D.Pa.1993) (citing *National State Bank*, 979 F.2d 1579).

Once the movant satisfies this burden, the nonmoving party must demonstrate to the court that sufficient evidence exists from which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Where, as here, the nonmoving party opposing summary judgment has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the existence of an element essential to his case. The "adverse party may not rest upon the mere allegations [of the complaint], but the adverse party's response, by affidavits [or other evidence] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex*, 477 U.S. 317, 106 S.Ct. 2548. If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

■ In the case at bar, plaintiff has failed to respond to defendant's motion for summary judgment. Because plaintiff cannot survive summary judgment by resting upon the mere allegations of his pleading, Fed. R.Civ.P. 56(e), plaintiff has not met his burden of establishing sufficient evidence from which a jury might return a verdict in his favor. In the context of an Eighth Amendment excessive force claim, the Court in *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), held that a directed verdict can be entered against defendant only if the evidence, viewed in the light most favorable to the plaintiff, "will support a reliable inference of wantonness in the infliction of pain...." *Id.* at 322, 106 S.Ct. at 1085. As articulated by the Third Circuit in *Williams v. Mussomelli*, 722 F.2d 1130 (3d Cir.1983), a prisoner's Eighth Amendment rights [2] are violated when "the use of force is grossly excessive to that necessary under the circumstances." *Id.* at 1133, citing *Howell v. Cataldi*, 464 F.2d 272, 281 (3d Cir.1972). As further explained by the Supreme Court in *Whitley:*

> [D]eference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidents of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives.

475 U.S. at 322, 106 S.Ct. at 1085. In the instant case, plaintiff has failed to respond to defendant's motion for summary judgment. Therefore, the court must accept the facts as alleged by defendant in his affidavit as true and conclude that defendant did not use excessive force on plaintiff. The court finds that no genuine issue for trial exists and

---

**2.** The Third Circuit in *Williams* stated that, "as a general proposition both [the Eighth and Fourteenth Amendments] extend [ ] 'protection from an officials's abuse of exercise of his powers to inflict grossly undue harm.'" 722 F.2d at 1133. Therefore, the court will not attempt to distinguish between plaintiff's Eighth Amendment and due process claims.

summary judgment shall be granted in favor of defendant.

## IV. CONCLUSION

For the reasons stated herein defendant's motion for summary judgment shall be granted.[3] An order consistent with this memorandum opinion shall issue forthwith.

---

**3.** Defendant argues he is the prevailing party in this litigation and because plaintiff's suit was frivolous, manufactured, vexatious, and without merit, that the court should award him attorney's fees and reasonable costs. Defendant's motion for attorney's fees is denied by the court.